

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS  *Superseded by*

WAGGONER CARR
ATTORNEY GENERAL

January 7, 1966  *H-107*

Mr. Robert S. Calvert
Comptroller of Public Accounts
Capital Building
Austin, Texas

Dear Mr. Calvert:

Opinion No. C-579

Re: Payment of witness fees
under the provisions of the
Texas Code of Criminal Pro-
cedure, 1966.

In your recent opinion request to this office you pose
several questions with regard to the payment of witness fees
in accordance with the provisions of the new Texas Code of
Criminal Procedure which became effective January 1, 1966.
The questions you pose are as follows:

"1. Are the witness fees provided for by Article
35.27 C.C.P. payable by the State under the
following conditions:

a. To an out-of-county witness subpoenaed
in a misdemeanor case in which confine-
ment in jail is a permissible punishment
as provided in Article 24.16 C.C.P?

b. To a convict attached under the provisions
of Article 24.13 C.C.P., in view of the
provisions of Article 24.22 C.C.P., and
Article 35.27 C.C.P., Section (3), the
last sentence of the first paragraph?

c. To an out-of-county witness subpoenaed to
appear before a grand jury by the judge
having the subpoena issued as provided
for in Article 35.27 C.C.P., Section 1,
in view of Section (2) of Article 35.27
C.C.P.?

d. To an out-of-county witness subpoenaed be-
fore a grand jury concerning an offense
for which the only punishment that could
be given by the court would be a fine?

e. To an out-of-county witness attached to
appear before the grand jury as provided
for by Article 20.11 C.C.P. in view of the

-2791-

provisions in Article 35.27 C.C.P., Section (3), the last sentence of the first paragraph and Article 24.22 C.C.P.?

f. To an out-of-county witness subpoenaed to appear before a judge hearing an application under habeas corpus as provided in Article 24.01 C.C.P.? If so, would the fees be payable if the case were: a fineable case only, a misdemeanor case for which confinement in jail is a permissible punishment, or would the case have to be a felony? Would witness fees be payable if the habeas corpus proceedings were held in any court other than a district court?

g. To an out-of-county witness attached as provided for in Article 16.11 C.C.P., to appear before an examining trial? If so, would such fees be payable if the accused offense was a misdemeanor punishable by a fine only, a misdemeanor punishable by confinement in jail or would the offense have to be a felony?

h. To an out-of-county witness summoned under the provisions of Article 24.01 C.C.P., to testify in a "coroner's inquest", or in any other case in which the testimony of a witness may be required under the provisions of this Code?

i. To an out-of-county witness subpoenaed to a court of inquiry under the provisions of Article 52.03 C.C.P?

j. To a witness residing outside the State of Texas when summoned outside the State of Texas by a Texas subpoena?

k. To a witness residing outside the State of Texas when summoned as provided for in Article 24.28 C.C.P.?

2. Is the State authorized to pay the witness fees authorized in Article 24.28 C.C.P. to an out-of-state witness summoned under it to testify in a misdemeanor case whether it be only a fineable case or a case for which a jail sentence may be the punishment?

3. Is the State authorized to pay the witness fees

authorized in Article 24.28 C.C.P. to an out-of-state witness summoned under the provisions of Article 24.03 C.C.P., 24.16 C.C.P, 24.01 C.C.P., 24.02 C.C.P., or Article 35.27 C.C.P., when a Texas subpoena is served on the witness outside of the State of Texas?

4. Is the money appropriated in House Bill No. 12, Acts of the 59th Legislature, Article I, Judiciary Section-Comptroller's Department in Items 11 and 14 payable to any witness attending court in a case other than a felony case or before the Grand Jury in other than a felony case? Or in a Habeas Corpus proceeding where such proceeding is held in other than a District Court or to appear before the Grand Jury?

5. In the approval of witness fee bills by the judge as provided for in Article 35.27 C.C.P., is the judge of the court wherein the case is being tried and the witnesses are summoned for such case the only judge authorized to approve such witness fee bills, whether said judge be a regular, special, or an assigned judge?"

Since this opinion will of necessity be somewhat lengthy, for convenience we will number the paragraphs as nearly as we can to correspond with the numbers of the questions set out in your opinion request. We also point out that although witness fees are allowed by the various articles of the Code of Criminal Procedure this does not necessarily mean that the Legislature has appropriated funds for payment of witness fees in various types of cases. You will note throughout the opinion we discuss particular situations and whether or not funds have been appropriated by the Legislature in these situations.

1-a. Your first question is answered in the affirmative. Article 24.16, Code of Criminal Procedure of Texas, 1966, provides the authority for the compulsory attendance of out-of-county witnesses in misdemeanor cases in which confinement in jail is a permissible punishment. However, Article 24.16 specifically prohibits the compulsory attendance of more than one character witness in misdemeanor cases of this type. Article 35.27 provides for payment to any witness who has been subpoenaed out of the county of his residence to testify in any case. It is our opinion, therefore, that Article 35.27 provides for the payment of witness fees to out-of-county witnesses subpoenaed in misdemeanor cases in which confinement in jail is a permissible punishment. Your attention is

invited, however, in this instance as well as others concerning misdemeanor subpoenas, to the latter portion of this opinion wherein it is pointed out that apparently no funds have been appropriated by the Legislature for payment of witness fees in misdemeanor cases.

1-b. Your second question is answered in the negative. If a person who is serving a term of confinement as the result of their conviction of a crime in this State is attached to appear as a witness in accordance with the provisions of Article 24.13, such person shall not be paid witness fees as provided in Article 35.27. Article 35.27 (3) provides that a witness when attached and conveyed by the sheriff shall not be entitled to receive fees while in custody of such officer. This answer assumes that the convicted person would be transferred by an officer from his place of confinement to the place where he would give his testimony. He would be eligible to be paid a witness fee if by some means after being attached, he posted bond for his appearance. However, it is difficult to imagine a situation when a person convicted of a crime and serving a period of confinement for that conviction would not be transferred from his place of confinement in the custody of the sheriff.

1-c. Your third question is answered in the affirmative. An out-of-county witness subpoenaed to appear before a Grand Jury by a judge having the subpoena issued as provided for in Article 35.27 (1) shall be paid witness fees as as set out in Article 35.27. Article 35.27 (1) provides, among other things, that any witness who has been subpoenaed to appear before any grand jury out of the county of his residence shall be eligible for witness fees. The last paragraph of Article 35.27 (1) is the authority for a judge to issue subpoenas for out-of-county witnesses to appear before the grand jury. We are not unmindful that Article 35.27 (2) states that witness fees shall be allowed only to such witnesses as may have been summoned on a sworn written motion of the State's attorney or the defendant or his attorney. It is the opinion of this office, however, that paragraph two (2) is not a limitation on the applicability of paragraph one (1) of Article 35.27. In other words, when the Code does not require a written motion of the State's attorney or the defendant in order that a witness may be subpoenaed, paragraph two (2) has no applicability as to whether or not witness fees are payable. We are of the opinion, therefore, that paragraph two (2) is applicable only when a written motion by the State's attorney or the defendant is a requirement for the issuance of the subpoena. If such

requisite is not necessary, such as in the specific question
at hand, witness fees may be payable if the witness meets
the other requirements of Article 35.27.  It is again
pointed out, however, that the Legislature has not appropriated
any funds to be used for the payment of witnesses in mis-
demeanor cases.

1-d.  Your fourth question is answered in the affirma-
tive.  An out-of-county witness subpoenaed before a grand
jury investigating an offense for which the only punishment
which could be given is a fine is eligible to be paid witness
fees as provided in Article 35.27.  In the first place,
Article 35.27, which states that any witness who has been
subpoenaed to appear before the grand jury out of the county
of his residence is eligible for payment of witness fees,
makes no distinction as to the type of offense which the
grand jury is investigating.  Secondly, at the time the
grand jury is conducting its investigation, it is impossible
to know the offense for which the accused will be charged
after the investigation or even whether or not he shall be
charged at all.  We hold, therefore, that a witness sub-
poenaed to appear before a grand jury is eligible for pay-
ment of witness fees no matter what the nature of the offense
the grand jury is investigating.  It is again pointed out,
however, that the Legislature has not appropriated any funds
to be used for the payment of witnesses in misdemeanor cases.

1-e.  Your fifth question is answered in the negative.
Article 20.11 provides for the compulsory attendance of out-
of-county witnesses before a grand jury by the issuance of
an attachment.  Article 35.27 (3) prohibits the payment of
any witness fee to a witness when attached and conveyed by
the sheriff while in the custody of such officer.  It is
pointed out, however, that Article 35.27 (1) allows for the
payment of witness fees to a witness who has been attached
if the witness makes a bond for his appearance before a
court or grand jury.  Therefore, if an attached witness is
not conveyed in the custody of the sheriff but rather makes
bond for his appearance and travels to the grand jury on
his own expense to present his testimony, he shall be en-
titled to receive witness fees in accordance with Article 35.27;
otherwise, he shall not.

1-f.  Your sixth question is answered in the affirmative
Article 24.01 provides for the issuance of subpoenas in
habeas corpus proceedings.  Article 35.27 provides for the
payment of witness fees to any witness who has been sub-
poenaed before any court out of the county of his residence.
It makes no difference as to the type of offense with which
the accused who is seeking relief by way of habeas corpus
is charged.  Article 35.27 makes no distinction as to type

or grade of offense, and therefore it is our opinion that witness fees are **payable** to the persons subpoenaed in a habeas corpus hearing no matter what the type of offense is with which the person is charged. The Legislature has not appropriated any money for the payment of witness fees in habeas corpus cases.

1-g. The answer to the first portion of your seventh question is in the negative. An out-of-county witness attached as provided for in Article 16.11 to appear before an examining trial would not be eligible for payment of witness fees. However, if said witness, after being attached makes bond for his appearance rather than remaining in the custody of the sheriff from time of his attachment to his appearance for the purpose of testifying, Article 35.27 would provide for the payment of witness fees to this witness. If said attached witness made bond for his appearance and became eligible for payment of witness fees, payment would be made only in the event that the person charged was accused of a felony or a misdemeanor in which confinement in jail is a permissible punishment. There would be no witness fees payable in this instance if the possible punishment was by fine only. Again it is pointed out that we have been unable to determine any portion of the Appropriations Bill which provides money for the payment of witnesses in misdemeanor cases. However, if the examining trial charges the defendant with a felony, witness fees are payable.

1-h. Your eighth question is answered in the affirmative. Article 24.01, provides for the issuance of subpoenas in a coronor's inquest, as well as in any other case in which the testimony of a witness may be required under the provisions of this code. Therefore, at any time an out-of-county witness is subpoenaed to a coronor's inquest or in any other case in which the compulsory attendance of an out-of-county witness is authorized, said witness becomes eligible for the payment of witness fees. Again, however, it is pointed out that apparently there is no specific provision in the Appropriations Bill which provides money for the payment of witness fees in coronor's inquests.

1-i. Your ninth question is answered in the affirmative. An out-of-county witness subpoenaed to a court of inquiry becomes eligible for payment of witness fees by virtue of Article 24.01 and 52.03. However, apparently there is no specific allocation in the Appropriations Bill to be used by the State for payment of witnesses in these instances.

1-j, 1-k. Your tenth and eleventh questions are combined because of their similarity. First, there is apparently no

authority in the Code of Criminal Procedure whereby a Texas Court would have jurisdiction to subpoena witnesses residing outside the State of Texas other than Article 24.28. Therefore, your tenth question is answered in the negative. Article 35.27 does not authorize payment of witness fees to a witness residing outside the State of Texas when served outside the State of Texas with a Texas subpoena unless said subpoena is issued in accordance with Article 24.28. Your eleventh question is answered in the negative. However, if a witness residing outside the State of Texas is subpoenaed in a felony case in accordance with the provisions of Article 24.28, he becomes eligible for the payment of witness fees by virtue of the provisions of Article 24.28. There has been no money allocated by the Legislature for this purpose in misdemeanor cases.

2.   It will be noted that Article 24.28 provides for the attendance of out-of-state witnesses in criminal prosecutions in courts of record and before grand juries. This article makes no distinction between felonies and misdemeanors. However, the Legislature has not appropriated any funds to be used for the payment of out-of-state witnesses in misdemeanor cases.

3.   Your thirteenth question is answered in the negative. The State is not authorized to pay witness fees to out-of-state witnesses summoned under the provisions of Articles 24.03, 24.16, 24.01, 24.02 or 35.27. It is possible, however, that the procedure of Article 24.28 might be followed in situations where the attendance of a witness is desired and/or necessary and such witness would ordinarily be subpoenaed under the provisions of the foregoing Articles. However, if Article 24.28 is not followed, then an out-of-state witness would not be eligible for witness fees. Again it is pointed out that the money appropriated for witness fees for out-of-state witnesses applies only in felony cases and/or grand jury cases.

4.   Your fourteenth question is answered in the negative. The money appropriated in House Bill #12, Acts of the 59th Legislature, Article I, Judiciary Section--Comptroller's Department, Items 11 and 14, may not be paid by the State to any witness attending Court in any case other than a felony case or for an appearance before a grand jury. These items do not appropriate money for the payment of witness fees in any type of habeas corpus proceeding no matter what court is holding the hearing. We are of the opinion, therefore, that there has been no money allocated in the current Appropriations Bill for the payment of witness fees in habeas corpus proceedings.

5. The judge of the court wherein the case is being tried is authorized by virtue of Article 35.27 to approve witness fee bills. He is the appropriate judge for this purpose. However, if some other judge is sitting in his place and performing his regular duties said other judge would be authorized to approve said witness fee bills.

## SUMMARY

Articles 35.27 and 24.16 of the new Code of Criminal Procedure authorize payment of witness fees to out-of-county witnesses subpoenaed in misdemeanor cases in which confinement in jail is a permissible punishment. However, the Legislature has not appropriated any funds for the payment of witnesses in these cases.

Article 35.27 does not authorize the payment of witness fees to convicted persons who are attached in accordance with the provisions of Article 24.13 if they are conveyed by and in the custody of the sheriff. However, if by some procedure the convicted person, after being attached, made bond for his appearance, he would become eligible for witness fees in the same manner as would any other witness who after being attached made bond for his appearance.

Article 35.27 provides for the payment of witness fees to out-of-county witnesses subpoenaed to appear before a grand jury, and Article 35.27 (2) is not a limitation of Article 35.27 (1). However, the Legislature has appropriated money for payment of fees only in felony cases.

Article 35.27 provides for the payment of witness fees to out-of-county witnesses subpoenaed before a grand jury and makes no distinction with regard to the type of offense the grand jury is investigating. Therefore, under Article 35.27, an out-of-county witness will become eligible for witness fees even if the grand jury was investigating an offense for which a fine was the only possible punishment. However, it is again pointed out that the Legislature has appropriated no money to be paid for witness fees in misdemeanor cases.

A witness attached for an appearance before a grand jury in a county other than that of his residence would not be eligible for the payment of witness fees if he were conveyed by the sheriff and remained in the custody of such officer.

An out-of-county witness subpoenaed to appear in a habeas corpus proceeding would, under Article 35.27, become eligible to receive witness fees without regard to the type of case for which the accused was being held. However, the Legislature has not appropriated any money for the payment of witness fees in habeas corpus cases.

An out-of-county witness attached to appear before an examining trial would not be eligible to receive witness fees.

An out-of-county witness subpoenaed to appear at a coronor's inquest becomes eligible for the payment of witness fees but there have been no funds appropriated by the Legislature for this purpose.

An out-of-county witness subpoenaed to appear before a court of inquiry becomes eligible for the payment of witness fees but there have been no funds appropriated for this purpose.

There is no authority under the Code of Criminal Procedure for the compulsory attendance of out-of-state witnesses other than in complaince with Article 24.28. If Article 24.28 is complied with and an out-of-state witness is subpoenaed, he becomes eligible for payment of witness fees. The Legislature has not appropriated any money for the payment of witness fees in misdemeanor cases in this section.

Unless the procedure outlined in Article 24.28 is followed, an out-of-state witness is not eligible to receive witness fees in any case.

House Bill No. 12, Acts of the 59th Legislature, Article I, Judiciary Section-Comptrollers Department, Items 11 and 14 allocate money to be paid by the State to out-of-county and/or out-of-state witnesses only in felony cases or in appearances before a grand jury. There is no money appropriated for the payment of witness fees in habeas corpus proceedings.

The judge of the court wherein the case is being tried is authorized under Article 35.27 to approve witness fee bills. However, if some other judge under an exchange of benches is sitting in his place, then said alternate judge would be authorized to approve said witness bills.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By ~~Sam Kelley~~
Sam Kelley
Assistant Attorney General

SK/lh

APPROVED

OPINION COMMITTEE

W. O. SHULTZ, CHAIRMAN

Robert Owen
Howard Fender
Pat Bailey

APPROVED FOR THE ATTORNEY GENERAL

BY:  T. B. Wright